IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HERMINIO MENDEZ GONZALEZ, | § § § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-745-RP |
| CHARLOTTE COLLINS, *Warden, T. Don Hutto Detention Center*, et al., | § § § | |
| Respondents. | § § | |

## ORDER

Before the Court is Petitioner Herminio Mendez Gonzalez's ("Petitioner") Petition for Writ of Habeas Corpus, (Dkt. 1), Motion for Temporary Restraining Order, (Dkt. 4), and Motion for Order Requiring Respondents to Facilitate and Effect the Return of Petitioner to the United States, (Dkt. 7). Having considered the parties' arguments, the evidence presented, and the relevant law, the Court will deny Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), and dismiss as moot Petitioner's Motion for Temporary Restraining Order, (Dkt. 4), and Motion for Order Requiring Respondents to Facilitate and Effect the Return of Petitioner to the United States, (Dkt. 7).

## I. BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus on March 27, 2026. (Dkt. 1). On March 28, 2026, Petitioner filed a Motion for a Temporary Restraining Order ("TRO") preventing his removal. (TRO, Dkt. 4). On March 29, 2026, Petitioner was detained and removed to Guatemala pursuant to a final order of removal. (Advisory, Dkt. 9, at 1). The case was assigned to this Court on March 30, 2026. On March 31, 2026, the Court entered an Order to Show Cause, which ordered Respondents[1] to respond to Petitioner's Petition and included an order barring Respondents from

---

[1] Respondents in this case are Charlotte Collins, Warden, T. Don Hutto Detention Center; Miguel Vergara, Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement ("ICE");

removing or deporting Petitioner form the United States. (Order to Show Cause, Dkt. 6, at 3–4). Finally, on April 1, 2026, Petitioner filed a motion asking the Court to facilitate Petitioner's return to the United States. (Mot., Dkt. 7).

In their Advisory and Response filed on April 3, 2026, Respondents notified the Court that Petitioner was detained and removed to Guatemala on March 29, 2026, pursuant to a final order of removal, and that this removal occurred prior to the Court's order forbidding removal. (Advisory, Dkt. 9, at 1). Respondents therefore assert that the Petition for Writ of Habeas Corpus in this case is now moot, as Petitioner is no longer in custody. (*Id.* at 2).

Petitioner responds that his Petition for Writ of Habeas Corpus is not moot and that the Court continues to have jurisdiction over this case. (Resp. to Advisory, Dkt. 10, at 1). He contends that Respondents had already been served with the Petition and incorporated TRO, yet removed him from the country anyway. (*Id.* at 2). Citing to *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025), Petitioner asserts that the "Constitution does not permit the executive to moot habeas proceedings through speed of removal." (*Id.*). He also contends that 8 U.S.C. § 1252(g) does not strip the Court of jurisdiction because "Petitioner does not challenge the discretionary decision to execute a removal order. He challenges the constitutionality of the process by which he was detained without an individualized hearing, removed while a habeas petition was pending, and deprived of the statutory protections Congress created for cooperating crime victims with pending U visa petitions." (*Id.* at 2).

## II. DISCUSSION

"Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004)). For a court to have jurisdiction over a habeas petition, the

---

Todd Blanche, Acting Attorney General of the United States; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd M. Lyons, Director of United States ICE (collectively, "Respondents").

petitioner must have been "in custody" at the time the petition was filed. *Spencer v. Kenna*, 523 U.S. 1, 7 (1998). Even if the "in custody" requirement is met, however, a petitioner must also continue to "present[] a case or controversy under Article III, § 2 of the Constitution" and therefore must continue to have an injury "likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

In the criminal context, the Supreme Court has held that a habeas petition is not moot if the petitioner continues to suffer "collateral consequences" as a result of their conviction. *Id.* Courts have applied this "collateral consequences" doctrine to immigration habeas cases where the alleged collateral consequence could "be redressed by success on the petition." *See, e.g.*, *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that a petitioner's claims were moot where "successful resolution of [his] pending claims could no longer provide the requested relief" after he was deported); *Kurtishi v. Cicchi*, 270 F. App'x 197, 199–200 (3d Cir. 2008) (per curiam) ("In view of [the petitioner's] deportation, there are no remaining collateral consequences that may be redressed by success on [his] challenge under § 2241 to his 'continued restraint by DHS–ICE.'"); *Valle Vargas v. De Anda-Ybara*, No. CV 25-834 JB/GBW, 2026 WL 63932, at *4 (D.N.M. Jan. 8, 2026), *report and recommendation adopted sub nom. Valle Vargas v. De Anda-Ybarra*, No. CIV 25-0834 JB/GBW, 2026 WL 256810 (D.N.M. Jan. 30, 2026) (mooting a habeas petition where the alleged "collateral consequences" were "consequences of his removal," rather than "consequences of his detention"). Petitioner argues that the ten-year statutory bar resulting from his deportation "is a mandatory legal consequence of removal, and the effective nullification of [his] pending U visa is a direct, concrete, and non-discretionary result of the government's conduct." (Resp., Dkt. 10, at 6).

First, the Court will address Petitioner's argument that his return is the appropriate remedy under *Noem v. Abrego Garcia*, 145 S. Ct. 1017 (2025). This argument fails. In *Abrego Garcia*, the government had removed Kilmar Armando Abrego Garcia from the United States to El Salvador

despite him being "subject to a withholding order forbidding his removal to El Salvador." *Id.* at 1018. The United States conceded that his removal was illegal. *Id.* Here, the Court's Order to Show Cause prohibiting Petitioner's removal from this District, (Dkt. 4), was not entered until after Petitioner had been taken to Guatemala. The Court therefore does not find *Abrego Garcia* to be instructive in this case.

Because the Court may not return Petitioner to the United States based on *Abrego Garcia*, the Court considers whether it otherwise continues to have jurisdiction over Petitioner's Petition. In the instant case, Petitioner does meet the "in custody" requirement, as he was detained at the time his Petition was filed. *See Spencer*, 523 U.S. at 7. Petitioner was taken into ICE custody on March 21, 2026; this action was filed on March 27, 2026; and he was in custody until his removal on March 29, 2026. (Pet., Dkt. 1, at 1, 6; Advisory, Dkt. 9, at 1).

Regarding Petitioner's challenge to his detention, however, he has failed to show how the related relief sought—immediate release or an individualized bond hearing—could redress any ongoing injury. He points to his ten-year bar on re-entering the United States and the "effective nullification" of his pending U visa application, but these are collateral consequences of his *removal*, not of his detention. Petitioner's requests for release or for an individualized bond hearing are therefore moot. *See, e.g., Zundel v. Berrong*, 106 F. App'x 331, 334 (6th Cir. 2004) (holding that, once a petitioner has been deported, a request that the government release the petitioner is moot).

On the other hand, Petitioner's Petition for a Writ of Habeas Corpus arguably *did* include an additional challenge to the constitutionality of his order of removal. His Petition asks the Court to declare that Petitioner's "current detention *and imminent removal* violate the Due Process Clause of the Fifth Amendment because they are not supported by constitutionally adequate procedures, are not reasonably related to a permissible purpose such as preventing flight or danger, and disregard his pending U visa petition as a cooperating crime victim." (Pet., Dkt. 1, at 20) (emphasis added).

Petitioner thus may have a live case or controversy based on a collateral consequence of his challenged removal. *See Zalawadia v. Ashcroft*, 371 F.3d 292, 297–98 (5th Cir. 2004) (holding that a petitioner's deportation resulting in him being barred from seeking reentry into the United States for a certain period of time was a "cognizable collateral consequence" such that his petition was "not moot").

An unsurmountable hurdle, however, has been put into place by 8 U.S.C. § 1252. Under § 1252, the general rule is that "final orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (citing 8 U.S.C. § 252(a)(5)). Only a "court of appeals may review constitutional or legal challenges to a final order of removal," or the United States District Court for the District of Columbia if the petitioner is challenging whether 8 U.S.C. § 1225(b) or "any regulation issued to implement such section [] is constitutional." *Id.* at 581; 8 U.S.C. § 1252(e)(3)(A). Additionally, § 1252(g) provides that, except as provided in that section, "no court shall have jurisdiction to hear any cause by . . . [an] alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The only exception regarding a district court's jurisdiction is that a district court may determine in a habeas corpus proceeding: "(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee . . . or has been granted asylum . . ., such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General . . . ." 8 U.S.C. § 1252(e)(2)(A)–(C).

Here, Petitioner appears to be challenging the constitutionality of his removal and of procedures related to his removal. Based upon the above statutory provisions, this Court does not have jurisdiction to entertain such a claim, as Petitioner does not raise one of the grounds for review

permitted by § 1252(e)(2). Nor is transfer to the Court of Appeals for the Fifth Circuit or the District Court for the District of Columbia appropriate, as Petitioner's final order of removal went into effect in 2014. (*See* Pet., Dkt. 1, at 5).[2] *See* 8 U.S.C. § 1252(b)(1) ("The petition for review [with a court of appeals] must be filed not later than 30 days after the date of the final order of removal."); *id.* § 1252(e)(3)(B) (providing that any action instituted under paragraph (e) "must be filed no later than 60 days after the date the challenged section, regulation, directive, guideline, or procedure described in clause (i) or (ii) of subparagraph (A) is first implemented"). Accordingly, the Court must deny Petitioner's Petition for Writ of Habeas Corpus for lack of jurisdiction.

Accordingly, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order, (Dkt. 4), and Motion for Order Requiring Respondents to Facilitate and Effect the Return of Petitioner to the United States, (Dkt. 7), are **DISMISSED AS MOOT**.

**SIGNED** on May 8, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] *See* 28 U.S.C. § 1631 (providing that a district court may transfer a case to a court of appeals where the court of appeals would have had jurisdiction had it been filed in that court on the date it was filed in the district court).